[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-12398

_____

MARLENE CUETO IGLESIAS,
MIRIAM IGLESIAS ALVAREZ,

Plaintiffs-Appellants,

*versus*

PERNOD RICARD,
Public Societe Anonyme,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:20-cv-20157-KMW

_____

Before WILLIAM PRYOR, Chief Judge, ROSENBAUM, and BRASHER, Circuit Judges.

PER CURIAM:

Plaintiffs-Appellants Marlene Cueto Iglesias and her mother Miriam Iglesias Alvarez appeal the district court's dismissal of their claims against Pernod Ricard, Public Societe Anonyme, ("PRSA") for trafficking in violation of Title III of the LIBERTAD Act, 22 U.S.C. § 6082 (commonly referred to as "the Helms-Burton Act"). Because Appellants forfeited their arguments in support of personal jurisdiction by failing to properly develop them in the district court and waived their arguments on appeal, we affirm.

## I. BACKGROUND

Appellants alleged that PRSA violated the Helms-Burton Act by trafficking in property their family owned until the Cuban government confiscated it in 1963. In particular, Appellants asserted that the Cuban government wrongfully and forcefully took the assets of Conac Cueto, C.I.A., ("Cueto"), a Cuban-based cognac producer and seller founded by a now-deceased member of Appellants' family.[1] These assets included certain intellectual property; thousands of bottles and oak barrels; labels, corks, tasters, and

---

[1] Cueto was founded by Fernando Tomas Cueto Sanchez. Appellants are Sanchez's surviving daughter and widow.

meters; an established customer market segment; and other assets that Cueto used in the production and sale of cognac.

According to Appellants, the Cuban government eventually transferred all these assets to Cuba Ron, S.A., a company it founded with PRSA around 1993. Appellants alleged that Cuba Ron used and continues to use their confiscated property to distribute Havana Club rum and other spirits globally. More specifically, they asserted that Havana Club rum is aged using oak barrels that Cuba confiscated from Cueto.

Marlene Cueto Iglesias filed the action originally, but she amended the initial complaint to add Miriam Iglesias Alvarez as a plaintiff. PRSA then moved to dismiss, arguing (among other things) that the district court lacked personal jurisdiction over it. The district court granted the motion as it sought to dismiss based on lack of personal jurisdiction, but it also gave Appellants leave to file an amended complaint. Noting that the First Amended Complaint failed to specify whether Appellants alleged the existence of general or specific personal jurisdiction, the court held the allegations in the complaint failed to support either.

The district court added that Appellants had failed to sufficiently allege that any of PRSA's subsidiaries were simply the alter-ego of PRSA. It also reasoned that even if the First Amended Complaint had alleged an alter-ego theory, so that PRSA's subsidiaries' contacts with the state of Florida could be attributed to PRSA, the contacts alleged in the complaint were not sufficient to support personal jurisdiction. Ultimately, the district court dismissed the First

4                  Opinion of the Court                21-12398

Amended Complaint without prejudice, giving Appellants leave to file a motion for jurisdictional discovery as well as a Second Amended Complaint.[2]

The Second Amended Complaint added allegations that one of PRSA's subsidiaries "allows international travelers departing from the Miami Airport or Fort Lauderdale Airport to purchase Havana Club and Martell Cohiba Cognac, duty free." PRSA moved to dismiss the Second Amended Complaint. Again, it argued that Appellants' complaint failed to include facts sufficient to support the existence of personal jurisdiction. PRSA attached to its motion declarations from Antoine Brocas, the Group Corporate Affairs Director and Secretary of the Board at PRSA, and Alejandro Manuel Flores, the Legal and Public Affairs Director for Pernod Ricard Americas Travel Retail LLC, stating that neither PRSA nor any of its subsidiaries had ever sold, promoted, or distributed Havana Club rum or any product of Cuban origin anywhere in the United States, including in Florida at the Miami or Fort Lauderdale airports.

Appellants filed a response in opposition. They titled a subsection of it "Defendant's Website" and contended that personal jurisdiction existed by virtue of PRSA's alleged contact with the state of Florida in the form of PRSA's website that allegedly allows

_____

[2] Appellants did file a motion for jurisdictional discovery, but the magistrate judge denied it, as well as two renewed motions for jurisdictional discovery that followed it.

Florida residents to order Havana Club rum. Without making a single argument about (or even mention of) PRSA's subsidiaries' alleged sale of Havana Club rum in the Miami and Fort Lauderdale airports that Appellants had previously alleged in their complaint, Appellants asserted that "by and through [PRSA's] Website and its business relationship with its subsidiaries, [i]t is entirely plausible that [PRSA] personally or through an agent operated, conducted, engaged in, or carried business in Florida."

In support of their response, Appellants attached three declarations: one from each of the two Appellants, and another from a third individual who attested to having purchased Havana Club 3-Year-Old Rum online from PRSA's website. Buried within Miriam Iglesias Alvarez's declaration, she asserted that "Pernod Ricard is selling Havana Club Rums . . . via Commercial Internet and through their Stores at MIA Airport and Ports."[3] Collectively, the declarations provided no other allegations or evidence concerning the alleged sale of PRSA products at the Miami airport and ports (and none whatsoever about the Fort Lauderdale airport). And

---

[3] We note that there are two different "Havana Club Rum" products that are sold globally. One is produced by Bacardi, the other by PRSA. One of PRSA's subsidiaries sued Bacardi over use of the "Havana Club" name but lost after a bench trial. *Pernod Ricard USA LLC v. Bacardi U.S.A., Inc.*, 702 F. Supp. 2d 238 (D. Del. 2010). The district court in that case entered a finding of fact that the only Havana Club Rum sold in the United States was Bacardi's Havana Club Rum, which was sold in Florida. *Id.* at 241. We do not rely on this information in our analysis but note it in the interest of clarity because this case discusses Havana Club Rum.

Appellants' opposition to PRSA's motion to dismiss never so much as referenced the single throw-away statement in the declaration.

The district court granted PRSA's motion to dismiss the Second Amended Complaint, holding that Appellants had failed to remedy the shortfalls the district court had identified in the order dismissing the First Amended Complaint.

## II. STANDARD OF REVIEW

We review de novo the district court's dismissal for lack of personal jurisdiction. *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd..*, 288 F.3d 1264, 1268 (11th Cir. 2002). When contested, the plaintiff bears the burden of establishing a *prima facie* case of personal jurisdiction over a nonresident defendant, which requires the plaintiff to present enough evidence to withstand a motion for a directed verdict. *Id.* at 1268–1269.

## III. DISCUSSION

Ordinarily, a federal court determines whether it has personal jurisdiction by looking first to the laws of the state in which it sits. *See* Fed. R. Civ. P. 4(k)(1) (in general, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant). If the forum State's laws would authorize the exercise of personal jurisdiction, the federal court then evaluates whether exercising jurisdiction is consistent with due-process limitations.

Even if the forum State's laws would not authorize the exercise of personal jurisdiction, a federal court may still be able to

exercise jurisdiction under Rule 4(k)(2). That rule allows for the service of summons or the filing of a waiver of service to establish personal jurisdiction if the claim arises under federal law; the defendant is not subject to the jurisdiction of any state courts of general jurisdiction; and exercising jurisdiction over the defendant would be consistent with the United States Constitution and laws. Fed. R. Civ. P. 4(k)(2).

On appeal, Appellants contend that the district court erred by focusing the personal-jurisdiction analysis too narrowly, looking (under Rule 4(k)(1)) to PRSA's contacts with Florida rather than (under Rule 4(k)(2)) with the United States as a whole. In their view, the district court should have considered all PRSA's alleged contacts with the United States to determine whether it had jurisdiction over PRSA. Appellants further argue that even if the analysis is limited to PRSA's contacts with Florida, specific personal jurisdiction exists because one of PRSA's agents allows international travelers departing from either the Miami or Fort Lauderdale Airport to purchase Havana Club rum.[4] Without reaching the argument about the proper scope of the jurisdictional analysis, we affirm the district court's dismissal because Appellants have forfeited

---

[4] The Supreme Court has recognized two types of personal jurisdiction: general (or "all purpose") jurisdiction, and specific ("or case-linked") jurisdiction. *Ford Motor Co. v. Montana Eighth Judicial District Court*, 141 S. Ct. 1017, 1024 (2021). Only the latter is implicated here, as Appellants do not contend on appeal that the district court can exercise general personal jurisdiction over PRSA.

8                    Opinion of the Court                    21-12398

or abandoned all their arguments in support of personal jurisdiction.

To explain why, we start with the only difference of note between the First Amended Complaint and the Second Amended Complaint: the allegation that a subsidiary of PRSA allows travelers to purchase Havana Club rum at certain Florida airports. On appeal, Appellants contend that specific personal jurisdiction exists through "an agency theory" that allows the contacts of PRSA's subsidiary to be attributed to PRSA itself. But Appellants never made any argument about an agency relationship to the district court, choosing instead to argue that PRSA was the "alter ego" of its subsidiaries. As Appellants themselves recognize, these are distinct theories of liability.

And even if we ignored that shift in Appellants' arguments, Appellants nonetheless forfeited their argument about the sale of Havana Club rum in airports because they failed to properly present and develop it in the district court. To be sure, the Second Amended Complaint included an allegation about airport sales. But after PRSA moved to dismiss the complaint and submitted evidence that it did not sell its products in the Miami and Fort Lauderdale airports (or anywhere in the United States), Appellants relied in their response entirely on an argument that PRSA was selling Havana Club rum in Florida through its website—an argument that Appellants have since abandoned by failing to make it in their initial brief on appeal. The passing reference in Miriam Iglesias Alvarez's declaration to PRSA's alleged sale of Havana Club rum

"through their stores at MIA Airports and Ports" did not preserve the argument in the district court, and as a general rule, we will not pass on arguments that were not properly preserved in the district court. *See Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1331-33 (11th Cir. 2004) (holding that, but for exceptional circumstances not present here, this Court will not address arguments not raised in the district court).

## IV. CONCLUSION

We affirm the district court's dismissal of Appellants' Second Amended Complaint for lack of personal jurisdiction.

**AFFIRMED**.